IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| UNITED STATES OF AMERICA, | CR-01-125-GF-BMM-RKS |
|---|---|
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS TO REVOKED DEFENDANTS SUPERVISED RELEASE** |
| vs. | |
| RICHARD PAUL MELBOURNE, | |
| Defendant. | |

## I. Synopsis

Mr. Melbourne was accused of violating his conditions of supervised release by using marijuana, failing to attend substance abuse testing appointments, and consuming alcohol. He admitted to the first and third violations. Mr. Melbourne's supervised release should be revoked. He should be placed in custody for 9 months, with 51 months supervised release to follow.

## II. Status

Mr. Melbourne plead guilty in 2002 to Second Degree Murder. Doc. 16. The offense involved Mr. Melbourne strangling the victim during a confrontation

1

while Mr. Melbourne was intoxicated. Doc. 91. He was sentenced to 165 months incarceration, with five years supervised release to follow. Docs. 19, 20. He signed the terms of his supervision on January 8, 2014. Doc. 91.

**Petition**

The United States Probation Office filed a petition on May 27, 2014, asking the court to revoke Mr. Melbourne's supervised release. The petition accused Mr. Melbourne of three supervised release violations. It alleged that Mr. Melbourne 1) violated Standard Condition 7 by consuming marijuana, which was detected in a urine sample Mr. Melbourne submitted on March 31, 2014; 2) violated Special Condition 1 by failing to report for a chemical dependency treatment on March 6, 2014, and failing to report for urine testing on March 7 and May 6, 2014; 3) violated Special Condition 3 by consuming alcohol prior to his supervised release registration on January 8, 2014, again on April 19, 2014, and again on May 1, 2014 when he was arrested on suspicion of driving while intoxicated. Doc. 91. Based on the petition, United States District Judge Brian Morris issued a warrant for Mr. Melbourne's arrest. Doc. 92.

**Initial appearance**

Mr. Melbourne appeared before the undersigned on June 3, 2014, in Great Falls, Montana. Mr. Melbourne was accompanied at the initial appearance by

Federal Defender R. Henry Branom, and the Federal Defenders of Montana were appointed to represent Mr. Melbourne throughout the proceedings. Assistant United States Attorney Jessica Betley represented the United States.

Mr. Melbourne said he had read the petition and understood the allegations. Ms. Betley warned that he could be incarcerated for up to five years if his supervised release is revoked. The undersigned explained Mr. Melbourne's rights, including the right to a revocation hearing before Judge Morris, who is presiding over the case.

Mr. Branom said Mr. Melbourne would waive the preliminary hearing and was prepared to proceed with the revocation hearing before the undersigned. After an explanation of the process, Mr. Melbourne agreed to proceed. Ms. Betley was also ready to proceed with the hearing. Both parties consented to the jurisdiction of a magistrate judge.

**Revocation hearing**

Mr. Melbourne appeared at the revocation hearing with Mr. Branom. Ms. Betley appeared for the United States.

Mr. Melbourne admitted consuming marijuana and alcohol, as alleged in Violations I and III of the petition. He did not admit to Violation II, and explained that he had been excused from the appointments in question by his probation

officer, on account of a work conflict.  Ms. Betley moved to dismiss Violation II.  The undersigned found the admissions sufficient to establish violations of Standard Condition 7 and Special Condition 3.  The violations warrant revocation of Mr. Melbourne's supervised release.

Mr. Melbourne's violation is Grade C, his criminal history category is III, and his underlying offense is a Class A felony.  He could be incarcerated for up to five years.  He could be ordered to remain on supervised release for up to five years, less any custodial time imposed.  The United States Sentencing Guidelines call for five to 11 months in custody.  U.S. Guideline Manual, Ch. 7.  Ms. Betley and Mr. Branom agreed with those calculations.

Mr. Branom requested a sanction of incarceration in the low or middle guideline range. Mr. Branom explained that Mr. Melbourne spent 12 years in prison for the underlying offense, and struggled to reintegrate into society after his release.  Mr. Branom lamented that Mr. Melbourne was not admitted to any pre-release center after his imprisonment, because such a facility might have provided Mr. Melbourne the structure, job skills, and substance abuse treatment he needed to transition into the community.  Mr. Branom noted that Mr. Melbourne was still able to secure employment after his release, and had successfully worked part time.  He asked that Mr. Melbourne be recommended for placement in a pre-release

4

facility after any custodial term imposed for these violations, but acknowledged that Mr. Melbourne's conviction for second degree murder greatly diminishes his chances for acceptance.

Mr. Melbourne addressed the court and recounted his failed efforts to secure placement in a pre-release facility. He described returning to the Indian reservation, where his criminal record disqualified him from government housing. He said the limited income from his job was insufficient for an apartment since the Bakken oil boom drove up housing prices in that area. Without permanent housing, Mr. Melbourne said he moved from place to place. Under those circumstances, he began drinking alcohol.

Ms. Betley noted that Mr. Melbourne's first alcohol violation occurred almost immediately after his release from prison, before he even registered for supervised release. That belies Mr. Melbourne's account of being driven to alcohol by difficult circumstances, she argued. Mr. Betley also reminded the undersigned of Mr. Melbourne's repeated alcohol offenses thereafter, including one while he was driving a vehicle. She requested a sanction of a custodial term at the high end of the guideline range, with supervised release to follow.

### III.  Analysis

Mr. Melbourne's supervised release should be revoked because he admitted

5

violating its conditions.  He should be incarcerated for 9 months, with 51 months supervised release to follow.

A custodial sanction toward the high end of the guideline range is warranted because Mr. Melbourne promptly violated his conditions of release by consuming alcohol, and continued to violate the conditions through additional instances of substance abuse.  On one of those occasions he was driving a car, which directly endangered the safety of the community.  These violations are particularly troubling because Mr. Melbourne's underlying offense consisted of a fatal act perpetrated under the influence of alcohol.  Counterbalancing those concerns are Mr. Melbourne's initiative in finding a job while on supervised release, his lack of previous revocations, and the non-violent nature of his violations.

The maximum period of supervised release should be imposed.  Mr. Melbourne is a danger to the community when he abuses alcohol, and he has a propensity to abuse alcohol.  Supervision will discourage that abuse and provide a measure of protection to the community.

Some period residing in a pre-release center probably would benefit Mr. Melbourne.  As Mr. Branom noted, Mr. Melbourne's underlying offense makes acceptance into a facility doubtful.  Nevertheless, he should be recommended for acceptance to a pre-release center.

## IV. Conclusion

Mr. Melbourne was advised that the above sentence would be recommended to Judge Morris. He was reminded of his right to object to these Findings and Recommendations within 14 days of their issuance. The undersigned explained that Judge Morris would consider Mr. Melbourne's objection, if it is filed within the allotted time, before making a final determination on whether to revoke Mr. Melbourne's supervised release and what, if any, sanction to impose.

The court **FINDS:**

1. Mr. Melbourne violated Standard Condition7 of his supervised release by consuming marijuana on or around March 29, 2014.

2. Mr. Melbourne violated Special Condition 3 of his supervised release by consuming alcohol on or around January 8, April 19, and May 1, 2014.


The court **RECOMMENDS:**

1. The District Court should dismiss alleged Violation II in the petition, pursuant to the United States' motion on the record in Mr. Melbourne's revocation hearing.

2. The District Court should enter the attached Judgment, revoking Mr. Melbourne's supervised release and committing Mr. Melbourne to the custody of the United States Bureau of Prisons for nine months, with 51 months supervised release to follow. The District Court should impose the same supervised release conditions previously imposed, which are fully set forth in the attached Judgment.

3. The District Court should recommend Mr. Melbourne for placement

in a pre-release facility (also known as a Residential Re-entry Center), either as part of the custodial term or as a condition of supervised release.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 4th day of June, 2014.

*Keith Strong*
Keith Strong
United States Magistrate Judge