IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. RICHARD PAUL MELBOURNE, Defendant. | CR 01-125-GF-BMM  ORDER |

The Court referred this case to United States Magistrate Judge Keith Strong for a revocation hearing and findings and recommendations. Judge Strong entered findings and recommendations on June 4, 2014. Doc. 96.

The United States charged Richard Paul Melbourne (Melbourne) with violating his supervised release conditions by using marijuana, failing to attend substance abuse treatment and testing appointments, and consuming alcohol. Doc. 91. Melbourne admitted to the first and third violations. Doc. 96 at 3. The Government moved to dismiss the second violation. *Id.* at 4. Judge Strong found Melbourne's admission to the first and third violations sufficient to establish the supervised release violations. *Id.* Judge Strong recommended that this Court revoke Melbourne's supervised release and commit him to the custody of the

1

United States Bureau of Prisons for a term of imprisonment of 9 months followed by 51 months of supervised release. *Id.* at 7.

Melbourne objected to Judge Strong's findings and recommendations. Doc. 99. Title 28, Section 636(b)(1) of the United States Code entitles an objecting party to de novo review of the findings and recommendations to which they object. The Court will review for clear error all other findings and recommendations. *See McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

Melbourne argues that Judge Strong incorrectly calculated Melbourne's Chapter 7 advisory guideline range. Doc. 99 at 3. Judge Strong calculated Melbourne's Chapter 7 advisory guideline range with the understanding that Melbourne had a Criminal History Category of III. *Id.* at 2. Melbourne contends that his Criminal History Category actually was II. *Id.* at 3.

The Court has reviewed Melbourne's record and has determined that Melbourne's Criminal History Category was II. Doc. 19. The Chapter 7 advisory guideline range for Melbourne's violation recommends 4 to 10 months. Judge Strong recommended a custodial sanction toward the high end of the guideline range. Doc. 96 at 6. The Court agrees with Judge Strong's recommendation for the reasons Judge Strong stated in his findings and recommendations. The Chapter

7 guideline range is 4 to 10 months, however, not 5 to 11 months. Therefore, a sentence of 8 months followed by 52 months supervised release is warranted.

The Court reviewed the remainder of Judge Strong's findings and recommendations for clear error. *McDonnell Douglas*, 656 F.2d at 1313. The Court finds no clear error in the remainder of Judge Strong's findings and recommendations

IT IS HEREBY ORDERED that Melbourne shall be committed to the custody of the United States Bureau of Prisons for 8 months followed by 52 months of supervised release.

IT IS FURTHER ORDERED that the Court finds that the remainder of Judge Strong's findings and recommendations are not clearly erroneous and adopts them. Judgment shall be entered accordingly.

DATED this 7th day of July, 2014.

_____
Brian Morris
United States District Court Judge